## UHL v. DALTON.
### No. 287.

District Court, D. Nevada.
Aug. 31, 1944.

George L. Vargas, of Reno, Nev., for plaintiff.

Jack Ross, of Carson City, Nev., for defendant.

NORCROSS, District Judge.

This is an action and counterclaim for damages resulting from an auto-truck collision, occurring near Fallon, Nevada, about seven-thirty P. M. December 16, 1942, on a Nevada State Highway, designated U. S. 95.

To plaintiff's driving truck was directly attached to and combined therewith a loaded trailer, called semi-trailer, and to the said trailer was attached a truck, carrying a hay press equipment, the total weight of the entire equipment with loads thereon, being estimated at twenty-three tons of which the hay press was approximately ten tons. The .combined length was estimated to be about sixty feet, that of the semi-trailer body thirty-three feet, and that of the hay press truck alone about ten feet. Brakes on plaintiff's semi-trailer and hay press could not be operated from the propeller truck. The hay press did not carry lights.

Defendant's truck had space for and was carrying three horses and was otherwise quite heavily loaded with farming implements and supplies. The truck had no windshield wiper and the windows were dirty. The driver had to depend for observation largely upon putting his head out of the window.

The highway, at the point of contact, was comparatively straight and level, although the immediate approaches thereto, from both directions, were on a slight curve and hill. The main highway was eighteen feet in paved width and marked with a white center line; shoulders were on each side of the paved portion beyond a graveled surface of about three feet. Plaintiff's estimated traveling speed was fifteen or sixteen miles per hour; that of Defendant ten miles. These estimates of speed were not materially controverted.

The main contributing cause of the collision appears to have been due to the then prevailing atmospheric condition, at and near the point of collision. There was a dense fog and the temperature freezing. Visibility was very seriously affected. Testimony upon the part of both parties was to the effect that they were driving near the shoulder to the right of the center white line or endeavoring so to drive. The

overall length of plaintiff's tractor and trailer was 43 or 44 feet and that of the hay baler truck about sixteen feet.

The driver of plaintiff's truck described the meeting of the two propeller trucks as follows: "I noticed a car or truck coming over the hill toward me, about 300 to 350 yards * * *, I could see the lights coming, so I didn't pay any attention, just kept driving along there and as he approached up within approximately sixty or seventy feet, he came right in towards me, crossing the center line, and as he did so I pulled off onto the shoulder quick to get away from him. * * * and as he passed the tractor I started to straighten it up and as I started to straighten up I could feel it hit along on the semi-trailer and then came the crash. * * * then we automatically stopped. At the time of the impact * * * the right side of my unit was out on the gravel shoulder. Mr. Dalton's Chevrolet struck the semi-trailer on the left side just back of the center light. The lights were all burning in good working condition. The left rear clearance light was broken. The baler had no light. The lefthand side of my equipment was about 3 to 3½ feet to the right of the center line of the highway, about 4½ feet. After this accident Mr. Dalton's Chevrolet came to rest on his left side of the highway."

The foregoing facts are to be viewed in the light of further deducible facts. The trucks were approaching and began to pass each other at their combined speeds of twenty-five miles per hour. Reduced to seconds of time, would be at the speed of 36.67 feet per second. Ordinary passing time would be less than two seconds. To reach the hay press truck, about forty-four feet, would be about one and one-fifth seconds. When defendant's truck grazed the plaintiff's semi-trailer from beyond the center light thereon, the only damage occasioned thereby was slight scratches on both the trailer and truck. According to the testimony of the driver of plaintiff's propelling truck when he observed, by means of his reflector, defendant's left truck wheels crossing over the white line, onto plaintiff's side of the road, he "pulled off onto the shoulder quick to get away from him." Such a "quick" turn could have the effect of swinging momentarily, the hay press truck, to some extent, in the opposite direction towards the defendant's approaching truck. It is not apparent, otherwise, how the collision with the hay press truck could have occurred. Naturally, the driver of defendant's truck would endeavor to turn to the right upon grazing the semi-trailer. There is the additional circumstance to consider that there were no lights on the hay press truck. If it had been properly lighted, some of those lights might have been observable before those on the semi-trailer. It is manifest from photographs, taken at the point of collision, with the hay press truck, that plaintiff's truck, semi-trailer and hay press truck, following such collision, moved forward approximately one hundred feet, before coming to a stop, notwithstanding the fact that defendant's truck was so injured it was stopped at the point of impact and the hay press truck so damaged that portions of it fell over into the road and had to be dragged thereon, necessarily to some extent, reducing the speed.

It is the conclusion of the Court that, in view of the then prevailing weather conditions, it constituted negligence for defendant to attempt to drive an auto-truck upon a public highway after dark when the same did not possess even a windshield wiper and no additional means of affording a reasonably clear window view. It, also, constituted negligence for plaintiff to proceed upon the highway with no lights whatever upon the hay press truck, occupying the rear of his caravan, and without means of operating brakes on the semi-trailer and hay press trucks. So far as the collision with the hay press truck is concerned it is clear that it was occasioned by negligence upon the part of both plaintiff and defendant. Neither plaintiff nor defendant are entitled to a judgment for damages as prayed for. Judgment for both plaintiff and defendant should be denied.

It is so ordered.